1  MICHAEL K. BRISBIN (SBN 169495)
   michael.brisbin@wilsonelser.com
2  DENNIS J. RHODES (SBN 168417)
   dennis.rhodes@wilsonelser.com
3  **WILSON, ELSER, MOSKOWITZ,**
      **EDELMAN & DICKER LLP**
4  525 Market Street, 17th Floor
5  San Francisco, California 94105
   Telephone:    (415) 433-0990
6  Facsimile:    (415) 434-1370
7
   Attorneys for Plaintiff,
8  AMERICAN GENERAL LIFE INSURANCE COMPANY
9  GERARD L. FRIEND (SBN 101718)
   GLFriend@GerardFriend.com
10 **THE LAW OFFICE OF GERARD L. FRIEND**
11 780 East 17th Street
   Los Angeles, CA 90021-3001
12 Telephone:    (213) 689-8900
   Facsimile:    (213) 689-8901
13
   Attorneys for Defendant,
14 MARCO VELAZQUEZ
15
                **UNITED STATES DISTRICT COURT**
16
                **EASTERN DISTRICT OF CALIFORNIA**
17

18 AMERICAN GENERAL LIFE INSURANCE     Case No.: 2:16-CV-00513-JAM-CKD
   COMPANY,
19                                      **STIPULATION OF THE PARTIES FOR AN**
                 Plaintiff,             **ORDER OF DISCHARGE IN**
20                                      **INTERPLEADER, DISTRIBUTION OF**
        v.                              **FUNDS AND FOR DISMISSAL OF THE**
21                                      **ACTION WITH PREJUDICE**
   MARCO ANTONIO VELAZQUEZ, RAMON
22 VELAZQUEZ AND A.V., a minor,         Hon. John A. Mendez
23               Defendants.
24

25        IT IS HEREBY STIPULATED, by and between plaintiff American General Life Insurance

26 Company, ("American General"), and defendant Marco Antonio Velazquez, through their

27 respective attorneys of record, as follows:

28        1.      That, on or about November 21, 2013, Ana Rodriguez ("Decedent"), applied for a

   term life policy from American General.   On the application, Decedent designated defendant

Marco Antonio Velazquez as Primary Beneficiary and defendants A.V., child and Ramon Velazquez, brother-in-law, as contingent beneficiaries. On or about March 2, 2014, American General issued policy no. YME1703955 with a face value of $750,000.00 to Decedent;

2.      That, Decedent died on or about July 17, 2014;

3.      That, on or about June 4, 2015, nearly one year after Decedent's death, defendant Marco Antonio Velazquez submitted a Proof of Death Claimant's Statement to recover the proceeds under the Policy and that said statement was submitted to American General on or about June 8, 2015;

4.      That, according to the death certificate, the cause of Decedent's death was listed as "pending toxicology" and "probably drowning." In the Coroner's Use Only section of the death certificate, the death certificate reflected: "fell and/or submerged in water." In an amendment to the death certificate signed on November 25, 2014, the death certificate was amended to state cause of death as "drowning";

5.      That, on or about June 12, 2015, American General wrote to defendant Velazquez in response to his submission of the Proof of Death Claimant's Statement and informed him that Life insurance policies contain a Contestable Provision which allows the Company to review information provided at the time of application if a loss occurs during the first two policy years, and that American General was undertaking a contestable review;

6.      That, on or about June 1, 2015, American General acknowledged receipt of the claim an provided the Proof of Death Claimant's Statement to insurance agent Israel Lopez. The letter also requested the beneficiary provide a certified death certificate, the original contract if available, the obituary if available and to provide a statement of medical history and a HIPAA release;

7.      That, on or about July 15, 2015, the investigator hired by American General interviewed defendant Marco Velazquez who informed the interviewer that on June 17, 2014, he and his wife went fishing on a canal in Colusa California at about 7:00 p.m. After about five minutes, defendant Velazquez left Decedent fishing on a wooden pier close to the water's edge. Defendant Marco Antonio Velazquez then drove approximately ½ mile further east to fish at another location and after about five minutes returned to the location where Decedent had been

1   fishing to find only the fishing pole she was using. At the request of the Sheriff, the interview with

2   defendant Marco Velazquez was recorded and provided to the Sheriff's Department;

3       8.      That, in November of 2015, American General learned that the police investigation

4   had not been completed and that the circumstances surrounding Decedent's death had not yet been

5   ascertained. Therefore, on December 10, 2015, American General wrote to defendant Velazquez

6   and informed him that the Company was still in the process of gathering information surrounding

7   the circumstances of Decedent's death;

8       9.      That, on account of the ongoing nature of the investigation, American General filed

9   the instant action for interpleader and declaratory relief;

10      10.     That, by reason of Decedent's death, the life insurance proceeds under the policy

11  became due and owing. At the time of Decedent's death, the amount due under the policy was

12  Seven Hundred Fifty Thousand Dollars ($750,000.00);

13      11.     That, on March 21, 2016, American General deposited the life insurance proceeds

14  with interest, in the amount of $763,168.73 with this Court;

15      12.     That, on or about August 11, 2016, defendant Marco Antonio Velazquez provided a

16  letter to from the Colusa County Counsel informing that the Colusa County Sheriff's Office has not

17  charged defendant Marco Antonio Velazquez with any crimes nor has the Sheriff's office referred

18  defendant to the District Attorney's office for charges;

19      13.     That, American General is, and at all time mentioned in its complaint was ready,

20  willing, and able, to pay the life insurance proceeds under the Policy to the person or persons

21  legally entitled thereto, but that by virtue of the ongoing investigation, it could not determine who

22  was entitled to the proceeds;

23      14.     That, American General claims no interest in the life insurance proceeds or any part

24  thereof, other than as a mere stakeholder of those proceeds, and as a result of the potential

25  conflicting, but apparently potentially valid claims, is indifferent as to which person should receive

26  the life insurance proceeds;

27      15.     That, American General properly filed the Complaint in Interpleader in good faith

28  and without collusion with any of the parties hereto to resolve all disputes over the life insurance

1 proceeds;

2     16.    That, American General has no other means of protecting itself from the vexation of

3 duplicative claims and therefore was entitled to interplead the life insurance proceeds into this

4 Court and to obtain judgment of this Court releasing American General from further participation in

5 this matter;

6     17.    That, American General is a disinterested stakeholder and is indifferent to which

7 defendant or defendants are entitled to the life insurance proceeds;

8     18.    That, this Court has jurisdiction pursuant to 28 U.S.C. 1332 as there are two or more

9 adverse claimants of diverse citizenship and American General and the life insurance proceds

10 exceed the required statutory minimum of $75,000 as the life insurance proceeds amount to

11 $750,000.00, not inclusive of interest;

12     19.    That, defendant Marco Antonio Velazquez consents to the jurisdiction of this Court;

13     20.    That, American General properly filed the Complaint for Interpleader and

14 Declaratory Relief in this action and stated a proper cause for interpleader;

15     21.    That, American General waives its fees and costs in this matter;

16     22.    That, Ramon Velazquez has voluntarily disclaimed any and all interest in the life

17 insurance proceeds;

18     23.    That, having brought this action and deposited the funds with the Court, American

19 General shall be discharged from any and all liability to defendant Marco Antonio Velazquez as

20 well as his heirs, successors, assigns, representatives, agents and/or anyone purporting to act on his

21 behalf, based upon and/or with respect to the terms of the Policy, the benefits payable under the

22 Policy, the death of Decedent and/or defendant Marco Antonio Velazquez's claim for the death

23 benefit;

24     24.    That, defendant Marco Antonio Velazquez and his heirs, successors, assigns,

25 representatives, agents and/or anyone purporting to act on their behalf, shall be permanently

26 restrained and/or prohibited from instituting or prosecuting any proceeding in any state court,

27 United States Court or administrative tribunal against American General based upon and/or with

28 respect to the terms of the Policy, the benefits payable under the Policy,  and defendant Marco

STIPULATION OF THE PARTIES FOR AN ORDER OF DISCHARGE, DISTRIBUTION OF FUNDS AND
DISMISSAL WITH PREJUDICE

1   Antonio Velazquez's claims for the benefits payable under the Policy, and American General's

2   handling of the Policy, administration of the Policy or its handling of defendant Marco Antonio

3   Velazquez's claims for the life insurance proceeds;

4       25.    That, American General is entitled to an Order of Discharge in interpleader in its

5   favor in this action as to defendant Marco Antonio Velazquez;

6       26.    That, the funds on deposit shall be distributed to defendant Marco Antonio

7   Velazquez in a check made payable as follows: "Law Office of Gerard L. Friend f/b/o Marco

8   Velazquez" and mailed to The Law Office of Gerard L. Friend,  780 East 17th Street, Los Angeles,

9   California 90021-3001, Attn.: Gerard L. Friend;

10       27.    That, that upon distribution of the funds to defendant Marco Antonio Velazquez, this

11   action shall be dismissed with prejudice pursuant to Rule 41(A)(ii) of the Federal Rules of Civil

12   Procedure;

13       28.    That, all parties are to bear their own fees and costs with respect to the litigation of

14   this action, including this Stipulation of Discharge, Distribution of Funds and Dismissal with

15   Prejudice entered thereon; and

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

STIPULATION OF THE PARTIES FOR AN ORDER OF DISCHARGE, DISTRIBUTION OF FUNDS AND
DISMISSAL WITH PREJUDICE

1        29.    That, the Court may enter an Order of Discharge, Distribution of Funds and

2    Dismissal with Prejudice in this action in the form attached hereto as Exhibit A.

3

4    SO STIPULATED

5

    Dated: September 13, 2016          **WILSON, ELSER, MOSKOWITZ,**

6                                             **EDELMAN & DICKER LLP**

7

8                             By: /s/ *Dennis J. Rhodes*
                              MICHAEL K. BRISBIN

9                                  DENNIS J. RHODES
                              Attorneys for Plaintiff,

10                                 AMERICAN GENERAL LIFE INSURANCE COMPANY

11

12       Dated:  September 12, 2016          **LAW OFFICES OF GERARD L. FRIEND**

13

14                            By: /s/ Gerard L. Friend
                              GERARD L. FRIEND

15                                 Attorneys for Defendants
                              MARCO VELAZQUEZ

16   IT IS SO ORDERED:

17       Dated: 9-14-2016

18                                           Hon. JOHN A. MENDEZ
                                        United States District Judge

19

20

21

22

23

24

25

26

27

28

STIPULATION OF THE PARTIES FOR AN ORDER OF DISCHARGE, DISTRIBUTION OF FUNDS AND
DISMISSAL WITH PREJUDICE

1   MICHAEL K. BRISBIN (SBN 169495)
    michael.brisbin@wilsonelser.com
2   DENNIS J. RHODES (SBN 168417)
    dennis.rhodes@wilsonelser.com
3   **WILSON, ELSER, MOSKOWITZ,**
4     **EDELMAN & DICKER LLP**
    525 Market Street, 17th Floor
5   San Francisco, California 94105
    Telephone:    (415) 433-0990
6   Facsimile:    (415) 434-1370

7   Attorneys for Plaintiff,
8   AMERICAN GENERAL LIFE INSURANCE COMPANY

9   GERARD L. FRIEND (SBN 101718)
    GLFriend@GerardFriend.com
10  **THE LAW OFFICE OF GERARD L. FRIEND**
    780 East 17th Street
11  Los Angeles, CA 90021-3001
    Telephone:    (213) 689-8900
12  Facsimile:    (213) 689-8901
13
    Attorneys for Defendant,
14  MARCO VELAZQUEZ

15               **UNITED STATES DISTRICT COURT**

16               **EASTERN DISTRICT OF CALIFORNIA**

17

18  AMERICAN GENERAL LIFE INSURANCE       Case No.: 2:16-CV-00513-JAM-CKD
    COMPANY,
19                                         **[PROPOSED] ORDER GRANTING**
         Plaintiff,                        **STIPULATION OF THE PARTIES FOR AN**
20                                         **ORDER OF DISCHARGE IN**
         v.                                **INTERPLEADER, DISTRIBUTION OF**
21                                         **FUNDS AND FOR DISMISSAL OF THE**
    MARCO ANTONIO VELAZQUEZ, RAMON         **ACTION WITH PREJUDICE**
22  VELAZQUEZ AND A.V., a minor,
                                           Hon. John A. Mendez
23       Defendants.

24

25       Upon considering the Stipulation for an Order of Discharge in Interpleader, Distribution of

26  Funds and for Dismissal with Prejudice between plaintiff American General Life Insurance

27  Company, ("American General"), and defendant Marco Antonio Velazquez, through their

28  respective attorneys of record:

─────────────────────────────────────────
                              1
    [PROPOSED] ORDER GRANTING STIPULATION OF THE PARTIES FOR AN ORDER OF DISCHARGE,
              DISTRIBUTION OF FUNDS AND DISMISSAL WITH PREJUDICE

**IT IS HEREBY ORDERED AND DETERMINED:**

1. That, on or about November 21, 2013, Ana Rodriguez ("Decedent"), applied for a term life policy from American General.   On the application, Decedent designated defendant Marco Antonio Velazquez as Primary Beneficiary and defendants A.V., child and Ramon Velazquez, brother-in-law, as contingent beneficiaries.  On or about  March 2, 2014, American General issued policy no. YME1703955 with a face value of $750,000.00 to Decedent;

2. That, Decedent died on or about July 17, 2014;

3. That, on or about June 4, 2015, nearly one year after Decedent's death, defendant Marco Antonio Velazquez submitted a Proof of Death Claimant's Statement to recover the proceeds under the Policy and that said statement was submitted to American General on or about June 8, 2015;

4. That, according to the death certificate, the cause of Decedent's death was listed as "pending toxicology" and "probably drowning."  In the Coroner's Use Only section of the death certificate, the death certificate reflected: "fell and/or submerged in water."  In an amendment to the death certificate signed on November 25, 2014, the death certificate was amended to state cause of death as "drowning";

5. That, on or about June 12, 2015, American General wrote to defendant Velazquez in response to his submission of the Proof of Death Claimant's Statement and informed him that Life insurance policies contain a Contestable Provision which allows the Company to review information provided at the time of application if a loss occurs during the first two policy years, and that American General was undertaking a contestable review;

6. That, on or about June 1, 2015, American General acknowledged receipt of the claim an provided the Proof of Death Claimant's Statement to insurance agent Israel Lopez.  The letter also requested the beneficiary provide a certified death certificate, the original contract if available, the obituary if available and to provide a statement of medical history and a HIPAA release;

7. That, on or about July 15, 2015, the investigator hired by American General interviewed defendant Marco Velazquez who informed the interviewer that on June 17, 2014, he and his wife went fishing on a canal in Colusa California at about 7:00 p.m. After about five

1  minutes, defendant Velazquez left Decedent fishing on a wooden pier close to the water's edge.

2  Defendant Marco Antonio Velazquez then drove approximately ½ mile further east to fish at

3  another location and after about five minutes returned to the location where Decedent had been

4  fishing to find only the fishing pole she was using.  At the request of the Sheriff, the interview with

5  defendant Marco Velazquez was recorded and provided to the Sheriff's Department;

6         8.     That, in November of 2015, American General learned that the police investigation

7  had not been completed and that the circumstances surrounding Decedent's death had not yet been

8  ascertained.  Therefore, on December 10, 2015, American General wrote to defendant Velazquez

9  and informed him that the Company was still in the process of gathering information surrounding

10  the circumstances of Decedent's death;

11         9.     That, on account of the ongoing nature of the investigation, American General filed

12  the instant action for interpleader and declaratory relief;

13        10.    That, by reason of Decedent's death, the life insurance proceeds under the policy

14  became due and owing.  At the time of Decedent's death, the amount due under the policy was

15  Seven Hundred Fifty Thousand Dollars ($750,000.00);

16        11.    That, on March 21, 2016, American General deposited the life insurance proceeds

17  with interest, in the amount of $763,168.73 with this Court;

18        12.    That, on or about August 11, 2016, defendant Marco Antonio Velazquez provided a

19  letter to from the Colusa County Counsel informing that the Colusa County Sheriff's Office has not

20  charged defendant Marco Antonio Velazquez with any crimes nor has the Sheriff's office referred

21  defendant to the District Attorney's office for charges;

22        13.    That, American General is, and at all time mentioned in its complaint was ready,

23  willing, and able, to pay the life insurance proceeds under the Policy to the person or persons

24  legally entitled thereto, but that by virtue of the ongoing investigation, it could not determine who

25  was entitled to the proceeds;

26        14.    That, American General claims no interest in the life insurance proceeds or any part

27  thereof, other than as a mere stakeholder of those proceeds, and as a result of the potential

28  conflicting, but apparently potentially valid claims, is indifferent as to which person should receive

[PROPOSED] ORDER GRANTING STIPULATION OF THE PARTIES FOR AN ORDER OF DISCHARGE,
DISTRIBUTION OF FUNDS AND DISMISSAL WITH PREJUDICE

1  the life insurance proceeds;

2      15.    That, American General properly filed the Counterclaim in Interpleader in good faith

3  and without collusion with any of the parties hereto to resolve all disputes over the life insurance

4  proceeds;

5      16.    That, American General has no other means of protecting itself from the vexation of

6  duplicative claims and therefore was entitled to interplead the life insurance proceeds into this

7  Court and to obtain judgment of this Court releasing American General from further participation in

8  this matter;

9      17.    That, American General is a disinterested stakeholder and is indifferent to which

10  defendant or defendants are entitled to the life insurance proceeds;

11      18.    That, this Court has jurisdiction pursuant to 28 U.S.C. 1332 as there are two or more

12  adverse claimants of diverse citizenship and American General and the life insurance proceds

13  exceed the required statutory minimum of $75,000 as the life insurance proceeds amount to

14  $750,000.00, not inclusive of interest;

15      19.    That, defendant Marco Antonio Velazquez consents to the jurisdiction of this Court;

16      20.    That, American General properly filed the Counterclaim for Interpleader and

17  Declaratory Relief in this action and stated a proper cause for interpleader;

18      21.    That, American General waives its fees and costs in this matter;

19      22.    That, Ramon Velazquez has voluntarily disclaimed any and all interest in the life

20  insurance proceeds;

21      23.    That, having brought this action and deposited the funds with the Court, American

22  General shall is hereby discharged from any and all liability to defendant Marco Antonio Velazquez

23  as well as his heirs, successors, assigns, representatives, agents and/or anyone purporting to act on

24  his behalf, based upon and/or with respect to the terms of the Policy, the benefits payable under the

25  Policy, the death of Decedent and/or defendant Marco Antonio Velazquez's claim for the death

26  benefit;

27      24.    That, defendant Marco Antonio Velazquez and his heirs, successors, assigns,

28  representatives, agents and/or anyone purporting to act on their behalf, are hereby permanently

1  restrained and/or prohibited from instituting or prosecuting any proceeding in any state court,

2  United States Court or administrative tribunal against American General based upon and/or with

3  respect to the terms of the Policy, the benefits payable under the Policy,  and defendant Marco

4  Antonio Velazquez's claims for the benefits payable under the Policy, and American General's

5  handling of the Policy, administration of the Policy or its handling of defendant Marco Antonio

6  Velazquez's claims for the life insurance proceeds;

7      25.    That, American General is entitled to an Order of Discharge in interpleader in its

8  favor in this action;

9      26.    That, the funds on deposit shall be distributed to defendant Marco Antonio

10  Velazquez in a check made payable as follows: "Law Office of Gerard L. Friend f/b/o Marco

11  Velazquez" and mailed to The Law Office of Gerard L. Friend,  780 East 17th Street, Los Angeles,

12  California 90021-3001, Attn.: Gerard L. Friend;

13      27.    That, that upon distribution of the funds to defendant Marco Antonio Velazquez, the

14  Clerk of the Court is directed to enter dismissal with prejudice of the entire action as to all causes of

15  action and all defendants; and

16      28.    That, all parties are to bear their own fees and costs with respect to the litigation of

17  this action, including the Stipulation of Discharge, Distribution of Funds and Dismissal with

18  Prejudice.

19

20  **IT IS SO ORDERED:**

21      Dated:  9-14-2016

22                                          Hon. JOHN A. MENDEZ
                                            United States District Judge
23

24

25

26

27

28

[PROPOSED] ORDER GRANTING STIPULATION OF THE PARTIES FOR AN ORDER OF DISCHARGE,
DISTRIBUTION OF FUNDS AND DISMISSAL WITH PREJUDICE